UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:22-CR-49 |
| | ) | |
| ECHO A. SCHEIDT | ) | |

### NOTICE OF SUPPLEMENTAL AUTHORITY

Comes now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Brent A. Ecenbarger, Assistant United States Attorney, to notify this Court of new, relevant authority pertaining to Defendant's Motion to Dismiss based on *New York Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

On March 20, 2023, Chief Judge DeGuilio denied a Motion to Withdraw a Guilty Plea and Motion to Dismiss an indictment alleging Defendant violated 18 U.S.C. § 922(a)(6). *United States v. Valentine*, 2:20-CR-117 JD, 2023 WL 2571720 (N.D. Ind. Mar. 20, 2023) (DeGuilio, J.)

The Court first noted that arguments that an indictment failed to state an offense need to be filed pretrial. *Id.* at 2. The Court then rejected the defendant's non-delegation doctrine challenge as waived as underdeveloped and also without merit. *Id.* at 2-3. Next it analyzed the issue of if a false

1

address can be considered a material misrepresentation. *Id.* at 3. The Court reiterated that *United States v. Queen* "clearly held that 'lying about a street address on an ATF Form 4473 is a material misrepresentation that violates § 922(a)(6).' 408 F.3d 337,339 (7th Cir. 2005)." *Id.* Similarly, *Abramski v. United States*, 573 U.S. 169 (2014) directly foreclosed Valentine's arguments that his false statements regarding straw purchasing were not material. *Id.* at 5.

Turning to the *Bruen* challenge, the court held that 18 U.S.C. § 922(a)(6) does not regulate any activity protected by the second Amendment. *Id.* at 7. Specifically, § 922(a)(6) does not create a substantive restriction on who may possess a firearm, but instead what it regulates "is lying to the federal government about material facts during the course of firearms transactions… Further, the crime prohibited by § 922(a)(6) is complete once the lie has been delivered and it is immaterial if the liar ever takes possession of the firearm." *Id.* Having found that § 922(a)(6) does not implicate conduct protected by the Second Amendment, the Court did not advance to the second prong of the *Bruen* analysis. *Id.* at 9.

WHEREFORE, the United States provides this supplemental persuasive authority for the Court's consideration.

        Respectfully submitted,

        CLIFFORD D. JOHNSON
        UNITED STATES ATTORNEY

By:   BRENT ECENBARGER
        Digitally signed by BRENT ECENBARGER
        Date: 2023.03.29 13:54:58 -04'00'

        Brent A. Ecenbarger
        Assistant United States Attorney
        E. Ross Adair Federal Bldg.
        & U.S. Courthouse
        1300 S. Harrison Street, Room 3128
        Fort Wayne, IN 46802-3489
        Telephone: (260) 422-2595
        Facsimile:  (260) 426-1616
        E-mail:  brent.ecenbarger@usdoj.gov