UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CASE NUMBER:   1:22-CR-49 |
| | ) | |
| ECHO A. SCHEIDT | ) | |
| | ) | |
| **Defendant.** | ) | |

### REQUEST FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

COMES NOW Defendant Echo A. Scheidt, by her counsel Assistant Federal Defender Michelle Kraus, and requests leave of Court to file relevant authority in support of her motion to dismiss based on *New York Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and Rule 12 of the Federal Rules of Criminal Procedure.

On April 6, 2023, a federal district court dismissed an indictment raising counts under 18 U.S.C. § 922(g)(3) (prohibiting firearm possession based on unlawful controlled substance use or addiction) and 18 U.S.C. § 922(d)(3) (prohibiting sales or any disposition of a firearm or ammunition to a person unlawfully using or addicted to a control substance). *See United States v. Connelly*, Cause No. 22-CR-229(2)-KC, Order ECF No. 101 (W.D. Tex. 2022).  Like the Defendant here, as to controlled substance use, the underlying basis for the indictment was marijuana consumption.  Specifically, the Defendant in *Connelly*, allegedly informed federal agents "that she uses marijuana on a regular basis to sleep at night and to help her with anxiety. Based on these facts, Connelly was indicted with one count of possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3), . . .[and] was also indicted with one count of transferring a firearm and ammunition to her husband, an unlawful user

of a controlled substance, in violation of 18 U.S.C. § 922(d)(3)." *Id.* at 2.

The question raised here, is whether Defendant's marijuana use is material to the firearm chapter, *see* 18 U.S.C. § 922(a)(6), and whether marijuana use is a historically supported basis to disarm and criminalize firearm possession.  In that way, Defendant's challenge here is similar to the challenge raised in *Holden*, where the question was whether being under indictment status was material under the statute and a historically justified basis to disarm and criminalize firearm possession under the *Bruen* framework.  Stated differently, though here and in *Holden* the charge was brought under § 922(a)(6), the constitutional question is whether the underlying conduct, whether marijuana use and firearm possession governed under § 922(g)(3) and firearm possession and indictment status under § 922(n), are constitutionally warranted grounds for disarmament.

Like *Harrison* cited in Defendant's opening brief, *Connelly* is direct, persuasive support in support of the constitutional challenge raised here – that disarming and criminalizing firearm possession on the basis of marijuana use is not a practice rooted in the nation's history and tradition of firearm regulation, and thus is violative of the Second Amendment.  In *Connelly*, the district court found that the government's "law-abidance" argument, that a defendant is categorically excluded from Second Amendment protection, particularly at a motion to dismiss phase where the alleged conduct has not been proven, is inconsistent with nation's history and tradition of firearm regulation.  *See Connelly*, ECF No. 101 at p. 19.  Furthermore, the district court reasoned that the government had not satisfied it affirmative *Bruen* burden to demonstrate § 922(g)(3)'s historical continuity as a firearm regulation.  *See e.g.*, *id.* at 20-21 (reasoning that it "follows that any historical tradition of disarming unlawful individuals does not support disarming Connelly for her alleged marijuana use.  Under federal law, Connelly's alleged simple marijuana possession would subject her to a misdemeanor charge at most. *See* 21 U.S.C. § 844.  And even if Connelly were convicted of simple marijuana possession, that conviction would be expunged by the blanket

2

presidential pardon of all such marijuana possessions that, like Connelly's, took place before October 6, 2022 . . . . [This] only illustrates the overriding difficulty with the Government's argument that § 922(g)(3) merely disarms unlawful individuals: Connelly has not been convicted of—or even charged with—a drug crime. The longstanding prohibition on possession of firearms by felonies requires the Government to charge and convict an individual before disarming her."). Like *Harrison*, *Connelly* supports Defendant's challenge here and, accordingly, Defendant requests that the Court consider *Connelly's* well-reasoned analysis and find that Defendant's marijuana use is immaterial under § 922(a)(6).

## Conclusion

Defendant urges the Court to grant her motion to dismiss.

*Date*: April 7, 2023

>Respectfully submitted,
>
>Northern District of Indiana
>Federal Community Defenders, Inc.
>
>By:   s/ Michelle F. Kraus
>      Michelle F. Kraus
>      200 East Main Street
>      Ft. Wayne, Indiana 46802
>      Phone: (260) 422-9940
>      Email: Michelle_Kraus@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that, on April 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notifications of such filing to all parties of record.

>    s/ Michelle Kraus