UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:22-CR-49-HAB |
| | ) | |
| ECHO A. SCHEIDT | ) | |

**OPINION AND ORDER**

A six-count Indictment alleges that between February 2022 and April 2022, the Defendant knowingly made false statements on a federal form to acquire firearms. She is charged with five violations of 18 U.S.C. §§922(a)(6) and 924(a)(2). Count 6 asserts the Defendant made materially false, fictitious, and fraudulent statements to ATF agents violating 18 U.S.C. §1001(a).[1] Defendant now moves to dismiss Counts 1-5 of the indictment, arguing that the statute is unconstitutional under *N.Y. Rifle & Pistol Ass'n v. Bruen*, 142 S.Ct. 2111 (2022), and Judge Miller's opinion in *United States v. Holden*, --- F.3d ---, 2022 WL 17103509 (N.D. Ind. Oct. 31, 2022). (ECF No. 21). Because the Court finds that the conduct prohibited by § 922(a)(6) is not covered by the plain text of the Second Amendment, there is no need to conduct a full *Bruen* analysis. The statute is constitutional, and the motion to dismiss will be denied.[2]

**I.  Factual Background**

The indictment alleges that, five times, Defendant knowingly made false and fictitious statements about a fact material to the lawfulness of the sale of a firearm to two different firearm purveyors, In-laws & Outlaws Gun Shop and Trading Post, LLC, in connection with the

---

[1] Defendant does not challenge Count 6 in her Motion to Dismiss.

[2] Because the issues raised by *Bruen* have become a hotbed issue in criminal prosecutions for violating 18 U.S.C. §922, the parties, post-briefing, have provided the Court with notices of supplemental authority reflecting decisions in other courts related to these issues. (ECF Nos. 27–29). The Court has reviewed those authorities together with the briefing submitted.

acquisition and attempted acquisition of a firearm. Each time, Defendant completed ATF Form 4473, representing that she resided at 1327 Euclid Avenue and denying that she was an unlawful user of marijuana. The indictment alleges that these answers were false and therefore violated § 922(a)(6).

## II.     Legal Analysis

In *Bruen*, the Supreme Court announced a new test for judging the constitutionality of firearm regulations. The Supreme Court rejected the two-step analysis that had emerged following *District of Colombia v. Heller*, 554 U.S. 570 (2008), calling it "one step too many." *Bruen*, 142 S. Ct. at 2127. Instead, the Supreme Court announced the following standard for applying the Second Amendment:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.

*Id*. at 2129–30 (quotations omitted).

The Supreme Court spent very little time in *Bruen* explaining how to assess whether the Second Amendment's plain text covers an individual's conduct. This, presumably, is because that determination is usually straightforward. Not so, here.

The statute here provides:

(a) It shall be unlawful –

    …

    (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with

> respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter;

\* \* \* \*

18 U.S.C. § 922(a)(6). The penalties for a violation of this statute are found in 18 U.S.C. §924(a)(2): "Whoever knowingly violates subsection (a)(6)… section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."

Defendant argues largely that § 922(a)(6) infringes on the Defendant's Second Amendment right to keep and bear arms. Stated another way, because the false statements criminalized by § 922(a)(6) conditions firearm possession on impermissible criteria, such as marijuana use, it must fall within the scope of the Second Amendment. The Court cannot agree.

*Holden* reveals the flaw in Defendant's logic. In *Holden*, Judge Miller dismissed an indictment under 18 U.S.C. § 922(a)(6). But relevant here, it was not because he found § 922(a)(6), which criminalizes making false or fictitious statements of material fact in connection with the acquisition of a firearm or ammunition, unconstitutional. Rather, Judge Miller concluded that the statute requiring the allegedly false information, 18 U.S.C. § 922(n), was unconstitutional. *Holden*, 2022 WL 17103509, at \*5. Because the information required in the unconstitutional § 922(n) was "immaterial" for the purposes of § 922(a)(6), *Holden*, 2022 WL 17103509, at \*7, Judge Miller held that the indictment in that case did not state an offense. *Id*.

The proper way to attack an indictment under § 922(a)(6) under *Holden* is not an attack on the statute itself, as Defendant attempts here. Instead, *Holden* teaches that the attack must be on the requirement for the allegedly false information; indictment status in *Holden*, user or addict of a controlled substance, here. See 18 U.S.C. §922(g)(3) (making it unlawful for any person who is an unlawful user of or addicted to any controlled substance under the Controlled Substance Act to possess a firearm); 18 U.S.C. §922(d)(3) (prohibiting sale or other disposition of a firearm to

unlawful users or persons addicted to any controlled substance). But Defendant has not directly asserted that laws prohibiting a user or addict of controlled substances from possessing or receiving a firearm are unconstitutional – and for good reason, *United States v. Posey*, 2023 WL 1869095 (N.D. Ind. February 9, 2023) (denying as applied and facial *Bruen* challenge to §922(g)(3)); *United States v. Seiwert*, 2022 WL 4534605, *2 (N.D. Ill. Sept. 28, 2022) (upholding *Bruen* challenge to 18 U.S.C. § 922(g)(3)).[3] Simply put, the reasoning in these cases doom any attempt made by Defendant to immunize her conduct or challenge the lawfulness of §922(d)(3) or (g)(3).

Nevertheless, in her supplemental authority, Defendant submitted *United States v. Connelly,* ___ F. Supp.3d___, 2023 WL 2806324 (W.D. Texas, April 6, 2023), in which a district court in Texas dismissed an indictment raising counts under §922(d)(3) and (g)(3) on *Bruen* grounds. While *Connelly* perhaps supports an attack on those statutes, *contra Posey,* 2023 WL 1869095 and *Seiwert*, 2022 WL 4534605, the Court reiterates that the Defendant here was not charged under either of those statutes. She was charged under §922(a)(6) for lying on a federal firearms acquisition form. Thus, the problem for Defendant, is that these truthful information statutes, are not firearms statutes. They are, instead, perjury statutes. As correctly stated by Judge Simon, Defendant "isn't being prosecuted for possessing a firearm, [s]he's being prosecuted for *lying* in the acquisition of the firearm." *United States v. Campbell*, Cause No. 2:22-CR-23-PPS, DKT No. 31 at 8 (original emphasis). Defendant's right to bear arms is not addressed, much less

---

[3]Although Defendant is not charged under either §922(g)(3) or §922(d)(3), she argues, like the defendant in *Posey,* that the presidential pardon of all individuals who committed the offense of simple possession of marijuana has relevance to the analysis. *Posey,* 2023 WL 1869095 *3-4; see Granting Pardon for the Offense of Simple Possession of Marijuana, 87 Fed. Reg. 61441 (Oct. 12, 2022) (Pardon issued on October 6, 2022, and published in Federal Register on October 12). In *Posey*, the Defendant asserted that the pardon had the effect of making her no longer an unlawful user of a controlled substance under §922(g)(3). *Posey* soundly rejected this argument finding that the pardon is limited to simple possession offenses under 21 U.S.C §844 and that it did not legalize marijuana use under federal law.

infringed, by § 922(a)(6), so the statute cannot be unconstitutional under *Bruen*.[4] Accord *Valentine,* 2023 WL 2571720 *7 ("Section 922(a)(6) does not create a substantive restriction on who may possess a firearm….[T]he conduct which this section regulates is lying to the federal government about material facts during the course of firearms transactions."); *United States v. Soto*, 2023 WL 1087886, *5 (W.D. Tex. Jan. 27, 2023); *United States v. Combs*, 2023 WL 2144150, *2 (E.D. Ky. Feb. 21, 2023); *United States v. Gonzalez*, 2022 WL 17583769, *1 (D. Ut. Dec. 12, 2022); *United States v. Tilotta*, 2022 WL 3924282, *5 (S.D. Cal. Aug. 30, 2022). These cases confirm that §922(a)(6) only prohibits making false statements which, by itself, does not implicate conduct protected by the Second Amendment. The Motion to Dismiss is therefore, DENIED.

**III.   Conclusion**

For these reasons, Defendant's Motion to Dismiss the Indictment (ECF No. 21) is DENIED.

SO ORDERED on April 10, 2023.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[4] Even if the Defendant successfully attacked the underlying statute that criminalizes users and addicts from possessing firearms, she still must overcome the problem that *United States v. Queen,* 408 F.3d 337,339 (7th Cir. 2005) holds that lying about a street address on an ATF Form 4473 is a material misrepresentation that violates § 922(a)(6). See also, *United States v. Valentine*, 2023 WL 2571720 (N.D. Ind. March 20, 2023).